**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**City of Wheeling,**
**Employer Below, Petitioner**

**v.)**    **No. 25-382**    (JCN: 2024012069)
                            (ICA No. 24-ICA-379)

**Cody Melsop,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Wheeling appeals the April 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See City of Wheeling v. Melsop,* No. 24-ICA-379, 2025 WL 1249650 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision). Respondent Cody Melsop filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 22, 2024, order of the Board of Review, which reversed the January 9, 2024, claim administrator's order rejecting the claim. The Board of Review found that Mr. Melsop sustained a right knee injury in the course of and resulting from his employment.

On appeal, the employer argues that the lower tribunals erred in concluding that the claimant's injury "resulted from" his employment. The employer contends that the Employee's Report of Injury, City of Wheeling's Incident Report, the Employer's Report of Injury, and all of the claimant's medical records establish that the reported mechanism of injury was simply walking up the stairs and feeling a pop on the outside of the right knee. The employer further argues that the documents did not report that the claimant was carrying a forty-pound tote while walking up the stairs. It is the employer's position that the ICA and Board of Review's conclusion that the claimant's injury resulted from an employment specific element that increased the risk of injury is clearly wrong because there is no causal connection between the claimant's injury and his employment. The employer asserts that the injury would have occurred regardless of whether the claimant was walking at the time because the evidence indicated that his knee condition was a result of pre-existing osteoarthritis. The claimant counters by arguing that he repeatedly and consistently noted that he was carrying a tote as he was going up the stairs when his knee popped, which was a standard part of his job as a firefighter. The claimant argues that there is no evidence to dispute his testimony, and the Board of Review found it to be credible. As such, the claimant suggests that the ICA did not err in concluding that the claimant injured his knee when he stepped

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel Sandra K. Law.

down on a step while carrying a forty-pound tote, which was attributable to a definite, isolated, fortuitous occurrence in the course of and resulting from his employment.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: October 21, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison